**In re EATON HOSE AND FITTING COMPANY, Debtor.**

**Bankruptcy No. 1–86–03910.**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 8, 1987.

Paul Nemann, Cincinnati, Ohio, for debtor.

### DECISION AND ORDER CONFIRMING PLAN

BURTON PERLMAN, Bankruptcy Judge.

1. In this Chapter 11 case, disclosure and plan of reorganization have been filed. (While there is reference throughout the file to an Amended Plan, in fact this is a mistake, and the original plan filed has not been amended.) An order approving the disclosure statement was entered February 9, 1987. A date of March 11, 1987 was fixed as the hearing date on confirmation of the plan.

The plan makes provision for five classes. Voting was conducted prior to the confirmation hearing. The result was that all classes accepted the plan consistent with 11 U.S.C. § 1126(c), except for Class 4, comprised of allowed unsecured claims other than the Class 3 claim. At the request of the debtor, the confirmation hearing was continued for purposes of conducting a hearing pursuant to § 1129(b) to assist the court in a determination of whether the plan could be confirmed notwithstanding the failure to accept the plan of a sufficient number of creditors as to amount, in Class 4. Class 5 consists of holders of common stock of the debtor.

At the continued hearing on confirmation, representatives of two members of Class 4 were in attendance, but did not participate in the proceedings. The debtor presented evidence through the testimony of its president, Jonathan Eaton, for the purpose of showing compliance with the

controlling authority, *In re U.S. Truck Company, Inc.*, 800 F.2d 581 (6th Cir.1986). That case spells out what it takes to make a plan fair and equitable with respect to a class of unsecured claims in order that a plan be confirmed notwithstanding a failure of that class to approve the plan. The relevant statutory provision is to be found at § 1129(b):

> (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> \*　\*　\*　\*　\*　\*
>
> (B) With respect to a class of unsecured claims—
>
> \*　\*　\*　\*　\*　\*
>
> (ii) The holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property.

*U.S. Truck* holds that a plan can be confirmed notwithstanding failure of a class of unsecured creditors to accept the plan where the only class, in this case, junior to the nonaccepting class, retains or receives its interest in a reorganized company, not "on account of" its junior claim, but on account of a contribution of capital. To merit confirmation, it must be shown that new money is contributed, and that new money must be essential to the success of the undertaking.

█ In the present case, Eaton, who is the sole shareholder of the debtor and who comprises Class 5, will contribute new money in the amount of approximately $16,-000.00, that is, as much as it takes to pay unsecured creditors the 15% of their claims provided for in the plan. In his testimony, Eaton showed that he had purchased the company in May, 1984. He subsequently and quickly found that the assets purchased had been overstated, as had sales. There was then an immediate negative cash flow. The seller of the enterprise to Eaton subsequently itself entered a state court receivership. Eaton reached a settlement with the receiver. No significant recourse beyond the settlement was possible. Eaton has never taken a salary out of the company. The history of the company since acquisition has been one of consistent losses. Eaton testified that the company presently had a negative net worth, that liabilities still exceed assets, and the enterprise continues to operate at a loss. Eaton testified further that what was needed in order for the debtor to become profitable was more capital. He said that if the plan was not confirmed, he would make no contribution to capital. Upon confirmation, he would contribute not only the approximately $16,-000.00 mentioned earlier, but would be making further capital contributions as needed. We remark that it is self-evident that, in view of the unfortunate history of this business since its purchase by Eaton, no funding other than that proposed could be expected. This is a classic situation as depicted by the court in *U.S. Truck* referring to a language employed by the U.S. Supreme Court in *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110, reh'g denied 308 U.S. 637, 60 S.Ct. 258, 84 L.Ed. 529 (1939), to the effect that at times it is "essential to the success of the undertaking" to seek new money from the old stockholders. In this case, the evidence presented fits within the prescribed parameters. Accordingly, we hold that the requirements of 11 U.S.C. § 1129(b)(2)(B)(ii) have been met, and this case can be confirmed notwithstanding the failure of Class 4 to accept the plan.

2. The provisions of Chapter 11 of the Code have been complied with and the plan has been proposed in good faith and not by any means forbidden by law; each holder of a claim or interest has accepted the plan or will receive or retain under the plan property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Code on such date; and all payments made or promised by the debtor under the plan for services or costs and expenses in, or in connection with, the plan and incident to the case, have been fully disclosed to the court and are reasonable, or, if to be fixed after the confirmation of

the plan, will be subject to the approval of the court.

3. The identity, qualifications and affiliations of the persons who are directors or officers of the debtor, after confirmation of the plan, have been fully disclosed and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and the equity security holders and with public policy; and confirmation of the plan is not likely to be followed by liquidation or the need for further reorganization of the debtor or any successor to the debtor under the plan; and the debtor having requested the court to modify the plan by correction of an inadvertent error contained in Article IV of the plan, Class 5, by changing such paragraph dealing with the Class 5 interest holders to read as follows:

The Class 5 interest holders shall retain stock in the debtor in return for a contribution of such amounts of cash as are equal to the amounts to be paid to the Class 4 creditor under this plan and in return for the cancellation of the Class 3 creditor's notes from the debtor in the approximate amount of $162,000.00.

THEREFORE, for good cause shown and no objections having been made by creditors or equity security holders, it is ORDERED that the debtor's plan of reorganization dated December 8, 1986 is confirmed; it is further ORDERED that the modification requested by the debtor is approved; and it is further ORDERED that the Clerk of the Bankruptcy Court shall give notice to all creditors of the debtor of the entry of this Decision and Order and advising that all claims against the debtor must be filed within thirty (30) days of the entry of this Decision and Order.